LAWRENCE JOSEPH LADNER AND MERLE LADNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ladner v. Commissioner
Docket No. 9494-78.
United States Tax Court
T.C. Memo 1981-573; 1981 Tax Ct. Memo LEXIS 175; 42 T.C.M. (CCH) 1303; T.C.M. (RIA) 81573; September 30, 1981. *175 Lawrence Joseph Ladner, pro se. Clifford C. Larson, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' income tax liability for the taxable year 1974 in the amount of $ 2,991. The issues to be decided are whether petitioners sustained a theft loss entitling them to a casualty loss deduction in the amount of $ 14,542 and whether they are entitled to a deduction for charitable contributions in excess of the amount allowed by the Commissioner in his statutory notice of deficiency. Petitioners conceded the adjustment for interest expense determined by the Commissioner in his statutory notice of deficiency. FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts and attached exhibit are incorporated by reference. Petitioners are husband and wife. They resided in LaHabra, California, when they filed their petition in this case. They filed a joint Federal income tax return for the taxable year 1974. On their income tax return for the taxable year 1974 petitioners claimed a casualty loss for cash in the amount of $ 14,642 allegedly stolen from *176 their residence between 1:00 a.m. and 6:00 a.m. on April 8,1974. They also claimed charitable contributions aggregating $ 849, consisting of the following: Our Lady of Guadaloupe Catholic Church
$ 687
Heart Fund
27
Community Chest
36
Salvation Army
39
Red Cross
26
Cancer Fund
34
$ 849
In his statutory notice of deficiency, the Commissioner disallowed petitioners' deduction for the casualty loss in full and he allowed only $ 156 of the deductions claimed for charitable contributions. OPINION Both of the issues in this case are factual. Petitioners bear the burden of proving that the determination of the Commissioner is incorrect and that they are entitled to the deductions they claimed on their income tax return. . The only evidence offered by petitioners was the testimony of Mr. Ladner and a schedule reflecting petitioners' adjusted gross income for certain prior taxable years and estimated living expenses for the taxable year 1965. Mr. Ladner testified that some time between the hours of 1:00 a.m. and 6:00 a.m. on April 8, 1974, someone broke the front door of his residence and stole *177 a locked cash box hidden in the front closet, containing $ 14,642 in cash. He testified further that he and his family were asleep in their bedrooms in the rear of the residence when the theft occurred and that other articles in the house were turned around and pushed aside but that the cash box was the only item stolen. In addition, he testified that the day prior to the theft the family had returned from their Easter vacation and were very tired so that as a result no one in the family woke up or heard any noise while the burglary was in progress. The Court takes judicial notice of the fact that Easter Sunday in 1974 did not occur until April 14, which was after the date of the alleged burglary. Petitioners offered no evidence to corroborate their testimony. Mr. Ladner testified that he made no report of the theft to the police because he did not want the police to know he kept such a large sum of money in the house. He testified that he employed Bill's Lock & Safe located in Whittier, California, to repair the damaged front door but produced no witness from that firm to confirm that fact. The only source of evidence in this case independent of petitioner Lawrence Ladner's *178 testimony, i.e., the date of Easter Sunday, is contrary to Mr. Ladner's testimony. Accordingly, we are not inclined to believe his testimony and hold that petitioners have failed to establish that they sustained a theft loss. Petitioners offered no documentary evidence to support the deduction they claimed for charitable contributions. Mr. Ladner testified that he attended church every Sunday at which time he placed $ 20 in cash in the collection plate and that he placed additional cash in the collection plate on Easter Sunday and at Christmas. Petitioners, on their income tax return, claimed that they contributed $ 687 to Our Lady of Guadaloupe Catholic Church--$ 20 times 52 equals $ 1,040. In their reply brief, they make the same claim as to amounts of cash placed in the collection plate of the church but for the first time claim that no money was given on 10 Sundays while on vacation or while Mr. Ladner was ill--$ 20 times 10 equals $ 200. Reducing $ 1,040 by $ 200 equals $ 840. This amount does not equal $ 687 claimed on the income tax return. In view of these inconsistencies and our lack of confidence in the ability of Mr. Ladner to tell the truth as to the theft loss, *179 we hold that petitioners have failed to prove that they are entitled to deduct chartiable contributions in excess of the amount allowed by the Commissioner in his statutory notice of deficiency. Decision will be entered for the respondent.